HENRY BERLIN, Respondent, v. JOHN W. THOMPSON et al., Appellants.

St. Louis Court of Appeals, February 26, 1895.

1. **Change of Venue:** TIME OF APPLICATION BY DEFENDANT. An application by the defendant for a change of venue, based upon information acquired by him after the adjournment of the court for the term, must be presented not later than the first day of the next regular term.

2. ———: PRESENTATION OF APPLICATION. The filing of an application in the clerk's office in vacation is not a presentation of it to either the court or judge.

3. Nuisances: REASONABLE USE OF PREMISES: SUFFICIENCY OF EVIDENCE. The defendant in this cause maintained a quarry on premises suitable only for that purpose, and a furnace and boiler which were proper appliances for the operation of the quarry. The furnace and boiler were situated at a reasonable distance from the residence of the plaintiff on adjoining land, but smoke emitted therefrom was occasionally blown to this residence and caused slight inconvenience. *Held,* that the defendant was entitled to the reasonable use of his premises, and that a recovery for the maintenance of the furnace and boiler as a nuisance was, therefore, not warranted.

4. ———: EVIDENCE OF GENERAL DAMAGES. In an action for damages caused by a private nuisance, the plaintiff may recover upon mere proof of the nuisance, and the jury are entitled, as in other cases of tort, to award general damages according to the facts and circumstances of the injury; proof of the pecuniary value or amount of the damage is not essential.

5. ———: SUFFICIENCY OF EVIDENCE FOR EXEMPLARY DAMAGES. The evidence in this cause is considered, and is held, BOND, J., *dissenting,* to warrant the recovery of exemplary damages for the maintenance of a private nuisance.

*Appeal from the Lewis Circuit Court.*—HON. BEN E. TURNER, Judge.

REVERSED AND REMANDED (*with directions*).

*Nat C. Dryden* and *T. J. Rowe,* for appellants.

(1) A change of venue should have been granted on the application of defendants. It was timely and in the form prescribed by the statute. R. S. 1889, secs. 2259–2262; *Dowling v. Allen,* 88 Mo. 293; *Corpeny v. City of Sedalia,* 57 Mo. 88; *Reed v. State,* 11 Mo. 380. (2) There is no evidence upon which to base the instruction for punitive damages. *State v. Jungling,* 116 Mo. 162; *Whalen v. Centenary Church,* 62 Mo. 324; *Jones v. Honovan,* 55 Mo. 462; *Engle v. Jones,* 51 Mo. 316; *Franz v. Hildebrand,* 45 Mo. 121; *Nie-*

*metz v. St. Louis, etc., Co.*, 5 Mo. App. 59; *Morgan v. Deerfee*, 69 Mo. 478. Unless actual damages are proven, no punitive damages can be allowed. *Muckle v. Rose*, 15 Mo. App. 397; *Clauch v. Osborn*, 23 S. W. Rep. 937. (3) The plaintiff is not entitled to damages by reason of the disturbance of the peace, quiet and comfort, of his family by the quarry. *Railroad v. Reed*, 23 S. W. Rep. 284. (4) Instructions 1, 2 and 4, given at the instance and request of defendants, are erroneous. 1 McQuillan's Practice, sec. 790; *Tranerman v. Lippincott*, 39 Mo. App. 478; *Clark v. Fairley*, 30 Mo. App. 335; *Parsons v. Railroad*, 94 Mo. 288; *Rams v. Railroad*, 71 Mo. 165.

*E. A. Dowell, O. C. Clay* and *Sam B. Jeffries* for respondent.

(1) The first application for a change of venue was properly refused, because not presented in time. R. S. 1889, sec. 2260; *State to use v. Matlock*, 82 Mo. 455; *State ex rel. v. Lubke*, 29 Mo. App. 555. The filing of it in the clerk's office was not a presentation of it. *State to use v. Matlock, supra.* The second application was also not in time under these authorities. (2) The instructions given to the jury were proper. *Hay v. Choes*, 2 N. Y. 159; *Evans v. Railroad*, 11 Mo. App. 463; *Neioman v. Railroad*, 2 Mo. 402; *Scott v. Bay*, 3 Md. 431; *Green v. Craig*, 27 Mo. 90; 3 Sutherland on Damages, p. 417. (3) Exemplary or punitive damages may be given when the elements of violence, wantonness or oppression, mingle in the controversy; and that, without regard to the amount of such damage, whether actual or nominal. 1 Sedgwick on Measure of Damages, p. 53; *Wilson v. Vaughn*, 23 Fed. Rep. 230; *Railroad v. Sellers*, 93 Ala. 9. (4) Appellants maintain that plaintiff is not entitled to damage

by reason of the disturbance of the peace, quiet and comfort, of his family by defendant's quarry, and present as authority therefor, *Railroad v. Reed*, 23 S. W. Rep. 284. Such is not the law in this state. *Jarvis v. Railroad*, 26 Mo. App. 253; *Ellis v. Railroad*, 63 Mo. 131; *Pinny v. Berry*, 61 Mo. 367; *Brown v. Railroad*, 80 Mo. 457. (5) In an action for private nuisance, it is not necessary to prove special damages. Nor is it necessary for any witness to express an opinion as to the amount of damages sustained. *Smiths v. McConothy*, 11 Mo. 517; *Frendenstein v. Heine*, 6 Mo. App. 287; *Spencer v. Railroad*, 120 Mo. 159; *White v. Stonre*, 18 Mo. App. 548; *Hark v. Railroad*, 94 Mo. 261; 5 Am. & Eng. Encyclopedia of Law, p. 38.

BOND, J.—The petition in this case is for damages alleged to have been caused by a private nuisance. The first count of the petition states that defendants so operated a quarry, adjoining plaintiff's premises, as to cause rock, thrown off in blasting, to fall upon and injure the residence and other buildings of plaintiff, to cover his premises with rock, to disturb the comfort and health of his family, and deter them from their business avocations, all alleged to have been done by defendants in a reckless, wanton and oppressive manner.

The second count alleges injuries to the health of plaintiff and his family caused by cinders and smoke emitted from a coal furnace, steam boiler and engine, operated by defendants. There was a third count in the petition, which was stricken out on the motion of the defendants.

The answer of the defendants was a denial of the acts charged as nuisances in the petition, and a plea of former adjudication by a decree in favor of plaintiff enjoining defendants from operating their quarry and furnace so as to injure plaintiff. This plea was stricken

out on plaintiff's motion.    Defendants made two appli-
cations for change of venue, which were overruled.

Upon the trial the following facts were undisputed.
Plaintiff and his family lived on his farm of one hun-
dred and sixty acres, which adjoins the quarry of
defendants.    Plaintiff's barn is about two hundred and
four feet, and his dwelling house about three hundred
feet, from the quarry.    Plaintiff's granary and cow
shed are between these two buildings.    The quarry is
from twenty-five to fifty feet deep, and is in a ravine
running northeast and southwest.    Plaintiff's land is
northwest of the quarry.    Defendants worked the
quarry until August, 1893.

Plaintiff's evidence is that, when defendants began
work, he spoke to one of them as to the quarry being
close to his building, who replied: "They didn't throw
any rock;" that again, in June, he spoke to defend-
ants, when defendant Gray sent for plaintiff and told
him: "They would use the greatest care not to throw
any rocks on his land;" that, a few days after this, a
rock fell upon the roof of plaintiff's barn, making a
hole therein; that at a prior time (shortly after defend-
ants began work), when they hauled a boiler over
plaintiff's road, he talked with defendant Gray about
rocks being thrown on his barn, lot and fields, and
told Gray that he could not use the road any more"
"if they did that way:" to which Gray replied, point-
ing: "This is mine; that is yours, and I am going to
get them rock out.   *   *   *   I will throw as many rocks as
I damned please."    Plaintiff further testified that two
window lights in his house were cracked and one was
broken by rock, and that the house was jarred by the
work of blasting from the quarry.    He also testified
that a rock fell among the branches of a young hick-
ory tree, cutting off some of the leaves; that another
rock, too large to be lifted, struck the top of his cow

shed and bounced off, causing the rafters to fall and kill a rooster, and that small sized rock fell upon his premises. Plaintiff's son testified that eastwardly winds blew smoke from defendants' furnace towards the house, after which his mother complained of a sick headache, such as she complained of upon her return from visits to town where she had inhaled smoke. Plaintiff gave no evidence as to the value of the articles injured.

The evidence on behalf of defendants was that the blasting necessary for quarrying purposes done by them was conducted in a careful manner by competent men; that no rocks were observed to fall upon plaintiff's land; that the employees of the defendants were instructed to use, and did use, the utmost caution in operating the quarry. Three witnesses for defendant testified that they witnessed a blast of seventeen or eighteen kegs of powder, which threw no rocks on plaintiff's land; that they were at the time standing above the ledge and only thirty or forty feet from the quarry, and between it and plaintiff's houses. Defendant Gray testified that he did not use the language quoted by plaintiff, but, in the conversation then had, he did tell plaintiff "it was damned easy to keep off plaintiff's land," and that he intended to operate his quarry.

After instructions given, the jury returned a verdict for $295 on the first count, and $5 on the second count.

The first assignment of error is the action of the court in overruling the applications of defendants for a change of venue. The first application was made by filing the same in the clerk's office in vacation on the twenty-sixth of February, 1894. This was overruled on the fifth day of March, being five days after the beginning of the March term of the circuit court. The second application was made in term on the twenty-

seventh of March, and based on the grounds alleged in the first, stating, further, that information of these grounds was received on February 21, 1894, after the adjournment of the last regular term of court. There was no error in overruling these motions. They were made under section 2260 of the Revised Statutes of 1889. By the terms of that section an application for a change of venue can only be made by *defendant*, provided the information on which it is based was acquired since the adjournment of the last term of court, and the application is presented not later than the first day of the next regular term. *State to use of Stewart v. Matlock*, 82 Mo. *loc. cit.* 457 ; *State ex rel. v. Wofford*, 119 Mo. 408.

In the case at bar the applications show that the information of the matter alleged in them was acquired on February 21, 1894. The first application was filed in the clerk's office prior to the March term. This, however, was a presentation neither to the court nor to the judge. *State ex rel. v. Matlock, supra.* As the record shows that it was not presented on the first day of the March term, it and the subsequent application were out of time and properly overruled for that reason.

The next assignment of error is as to the sufficiency of the evidence to sustain the verdict on the second count. The evidence relied on to support the finding on this count is that of plaintiff's son, *supra*. It was also undisputed that the furnace in question consumed about seven bushels of coal a day; that its smokestack was sixteen feet and ten inches high, and ten inches in diameter, and that the wind did not generally blow in the direction of plaintiff's house, which was three hundred feet distant.

Conceding that the smoke from this furnace gave plaintiff's wife an occasional headache, such as she experienced upon her return from the town where she

had inhaled smoke, still there is no ground under the evidence for a recovery upon this count. The defendants had the undoubted right to the reasonable use and enjoyment of their property. Owing to its peculiar nature the property in question could only be used as a rock quarry. The furnace, engine and boiler were a proper appliance in that connection, and were situated a reasonable distance from plaintiff's house. The fact, that plaintiff's wife experienced some slight inconvenience from the smoke, was one resulting from the reasonable use by defendants of their property, and, therefore, not a ground of action against them. Hence, the verdict in favor of plaintiff on the second count was unwarranted. In the foregoing discussion we all concur.

The decisive question in this case is presented by the point made by appellants, that there is no evidence to sustain the instruction given by the court for punitive damages. That such damages may be awarded for a wrong done with evil intent is clear. That they can not be awarded in any case lacking the element expressed by malice or equivalent terms is sustained by an unbroken current of authority. *Leahy v. Davis*, 121 Mo. *loc. cit.* 232; *State v. Jungling*, 116 Mo. 162; *Whalen v. The Church*, 62 Mo. 326; Sedgwick on Damages, section 363. In my opinion, in the case at bar, the entire evidence fails to disclose any actual intent on the part of defendants to injure the plaintiff. That stones were scattered by blasts over plaintiff's premises may be conceded, and that some slight losses were thus occasioned also appears from the evidence, but that any of these acts were done unlawfully and maliciously is not shown by any substantial evidence. Respondent urges as ground for the instruction for punitive damages that at one of the interviews between plaintiff and

defendant Gray, the latter said: "This is mine, and that is yours (pointing east and west), and I am going to get them rock out.  *  *  * I will throw as many rocks as I damned please." The reasonable construction of this language, standing alone, only imports that the defendant thought he had the full right to use his own premises. It does not show that he intended to use his property so as to injure plaintiff. This language, however, taken in the connection in which plaintiff states it was used, was merely the reply of the defendant to plaintiff in a conversation wherein plaintiff directed defendant not to use the road of plaintiff, which defendants' men had hauled a boiler over, a second time. According to the testimony of the defendant, he did not use the language as quoted, but did say to plaintiff, when the latter ordered defendant to keep off said road, "it was a damned easy matter" to do. This language, whether considered alone or in the connection stated by plaintiff, does not, in my opinion, afford any substantial ground for the conclusion, that the prior and subsequent use by defendants of their quarry was conducted with the motive of inflicting a wanton or malicious injury upon plaintiff; nor does such purpose appear from any other evidence in the record. On the other hand, I think there is abundant evidence that defendants did all that prudence and skill could suggest to avoid any injury to plaintiff by the operation of the quarry, and it is shown by plaintiff's own testimony that, when he complained to defendants subsequently to the foregoing conversation, they undertook to do all in their power to prevent any injuries to him or his premises. In this state of the record I hold it was error for the circuit court to give an instruction in this case, permitting the jury to assess vindictive or exemplary damages.

We are all agreed it was not necessary, as contended by appellants, that there should be proof of the amount

in dollars and cents of the damages suffered, before a recovery of general damages could be had in this action. In suits at law for damages for a private nuisance, such proof is often impracticable. *Smiths v. McConathy*, 11 Mo. *loc. cit.* 517; *Railway Company v. Baptist Church*, 137 U. S. 568. In such case plaintiff may recover upon mere proof of the nuisance, and the jury would be entitled, as in other cases of tort, to award general damages, according to the facts and circumstances of the injury. Wood on Nuisances, section 871. Nor is it proper or necessary that witnesses should give their opinion as to the pecuniary amount of damages. Their testimony should be confined to the facts showing the injury. It is the province solely of the jury to compute the amount. *Spencer v. Railway*, 120 Mo. *loc. cit.* 159. In the present case, therefore, the jury might have assessed general damages, upon the proof in the record as to the injuries of plaintiff, without any further proof as to the pecuniary amount of such injuries.

My associates are of the opinion, from which I dissent, that the evidence in this record authorized an instruction for exemplary damages, and that the finding of the jury on the first count was made without the intervention of legal error. In accordance with their opinion, this cause will be reversed and remanded to the circuit court, with directions to set aside the finding of the jury on the second count, and to enter judgment in favor of plaintiff, against defendants, for the amount of the verdict of the jury on the first count. It is so ordered.