Deal v. Hainley.

---

DEAL, etc., Appellant, v. HAINLEY, Respondent.

St. Louis Court of Appeals, February 9, 1909.

1 WITNESSES: One Party Dead. In an action by an administrator to recover the proceeds of an insurance policy upon the life of the intestate which proceeds had been collected by the defendant he being the beneficiary named in the policy, the defendant was an incompetent witness to prove the arrangement between himself and the deceased whereby the policy was made in his favor.

Deal v. Hainley.

2. INSURANCE: Insurable Interest: Nephew and Uncle.   A half nephew has no insurable interest in the life of his half uncle.

3. ———: ———: ———.  But the half uncle himself might insure his life in such form as he chose for the benefit of his nephew, and if he did so in good faith the policy would be good.

4. ———: ———: ———.  Where a man insured his life in favor of a half nephew and was indebted to such nephew in a sum which the policy was intended to secure, if the nephew induced the insured to make out the policy, he could only retain of the proceeds a sufficient sum to cover his debt; but if the uncle of his own volition procured the policy for the nephew's sake, the nephew could retain the entire proceeds.

5. ———: ———: ———:  Jury  Question.  In an action in such case by the administrator of the deceased uncle for the proceeds of the insurance policy which the nephew had collected, the question whether the uncle had procured the insurance for the benefit of his nephew so as to entitle the latter to all the proceeds or whether the nephew had induced the making of the policy so as to entitle him only to enough to cover his debt, was a question for the jury under the evidence.

Appeal from Mississippi Circuit Court.—*Hon. Henry C. Riley,* Judge.

REVERSED AND REMANDED.

*Russell & Deal* for appellant.

The defendant, Hainley, was totally incompetent to testify in this suit as to any transaction which he may have had with the deceased, Coleman.  R. S. 1899, sec. 4652.  The defendant had no insurable interest in the life of Andrew J. Coleman other than the amount of the indebtedness, which the testimony shows clearly did not exceed four hundred dollars and plaintiff should have had judgment for the amount of the policy less the indebtedness and the premiums paid by the defendant, Hainley, to keep the policy in force.  Ryan v. Insurance Co., 117 Mo. App. 688; Singleton v. Insurance Co., 66 Mo. 63; Reynolds v. Insurance Co., 88 Mo.

App. 679.   The insurance company having voluntarily paid the proceeds of the policy to the defendant, Hainley, plaintiff, as administrator of the deceased Coleman, was clearly entitled to recover from the defendant, the amount of the policy less the indebtedness, which defendant might be able to show, and premiums which he paid.   Hainley was a mere trustee for the excess of the policy over the indebtedness and the premiums. Strode v. Drug Co., 101 Mo. App. 627, and other cases there cited.   The burden was on the defendant, Hainley, to show that he had a pecuniary interest in the life of the insured.   Ryan v. Insurance Co., 117 Mo. App. 688; Singleton v. Insurance Co., 66 Mo. 63.

*Boone & Lee* for respondent.

The assured may procure a policy and make a beneficiary not a relation and without interest.   Ashford v. Insurance Co., 80 Mo. App. 640; Locher v. Kuechenmiester, 120 Mo. App. 719; Benevolent Ass'n v. Bunch, 109 Mo. 578; 11 Am. and Eng. Ency. (1' Ed.), p. 318 and cases cited. · If there is an interest, either pecuniary or otherwise, it supports the contract, even if the beneficiary pays the premium. Insurance Co. v. France, 94 U. S. 561; Schafer v. Insurance Co., 94 U. S. 460; McFarland v. Creath, 35 Mo. App. 122.

STATEMENT.—Plaintiff is public administrator of Mississippi county and in charge of the estate of Andrew J. Coleman, deceased.   He instituted this action to recover from defendant the proceeds, less certain credits, of an insurance policy written for the sum of $2,500 on the life of the deceased for the benefit of defendant. ' The main averments are that Coleman was in debt to defendant in the sum of four hundred dollars and the policy was issued to the latter as security for said debt; defendant paying a premium of $106.55; that the only interest defendant had in the life of the de-

ceased or in the policy, was as creditor and for the premium paid; that defendant had collected the whole sum due on the policy, but was entitled to retain only $506.55, to reimburse him for what deceased owed him and the premium paid; but that he had withheld the remainder of $1,993.45, for which plaintiff prayed judgment. The answer admitted the capacity in which plaintiff sued, issuance of the policy on the life of the deceased to defendant and collection of the proceeds by the latter; admitted Coleman was indebted to defendant in the sum of $506.55, but denied this represented his total indebtedness to defendant and denied plaintiff was entitled as administrator to any part of the proceeds of the policy. For further answer it was alleged the policy was issued on the application of Coleman and made payable to defendant; that defendant was Coleman's nephew and intimate friend and for a long time prior to the date of the policy and afterwards until the death of Coleman, had at divers. times lent the latter money, signed his notes as surety in the banks and to private individuals and given him pecuniary aid when he needed it; that Coleman out of gratitude and to reimburse defendant for the aforesaid favors, procured said policy on his life in the interest of defendant, who was named as beneficiary; that in doing so Coleman acted in good faith and without intention to evade the law or defraud any one, fully believing he was within his legal rights; that defendant acted in good faith throughout the transaction and in making proof of Coleman's death and collecting the amount of the policy. A general denial was filed in reply to the answer. Hainley was a half-nephew of Coleman and the two were good friends. Witnesses said defendant being a man of some means and of generous nature, was disposed to aid his relatives financially on occasions. He signed Coleman's notes as surety several times, but it is conceded there was no evidence he ever paid any of these debts except one to a man named Chapman. The

amount of this debt is in dispute, plaintiff claiming it was about $175 and defendant that it was $300. The administrator stated the reason the petition alleged Coleman owed defendant four hundred dollars, was because the administrator knew there was something owing and did not know the exact amount. Coleman himself applied for the policy in a writing signed by him, which contained, among other statements, the following:

"9. The full name of the person to whom the insurance is payable is Charles W. Hainley.

"10. Residing in Charleston, Missouri.

"11. The relationship of said beneficiary to me is nephew.

"12. The insurable interest of the said beneficiary in the life proposed for insurance other than that of family relationship, is protection as creditor.

"13. I hereby apply for insurance on my life on the life plan L, years' payments, 20 years distribution."

Defendant testified he was nephew and friend of Coleman: that the latter was frequently in need of small sums of money and defendant assisted him to borrow from the banks and individuals. Regarding the taking of the policy, defendant testified the agent of the insurance company wanted to insure defendant's life and the latter said he had all the insurance he wanted. The agent then asked if he did not have some kinfolks he could carry insurance on and defendant said he had. This question and the answer to it then follow:

"Q. And you took out this policy and paid the premium on it?

"A. On Mr. Coleman's accord, he was willing for it; I didn't ask him anything about it; I didn't go to see him."

Defendant swore further the agent went to Coleman and defendant did not give Coleman notice to take

out the policy, but signed his note for the premium and told Coleman he (defendant) "would stay with him" as long as possible in order to keep the policy up. Coleman took out another policy payable to his wife, and Hainley became his surety for the payment of the premiums, but Coleman paid them. Plaintiff's counsel objected to the competency of defendant as a witness and saved an exception to the adverse ruling on the exception. The policy whose proceeds are in dispute was written by the Mutual Life Insurance Company of New York and contained a promise to pay "Charles W. Hainley, nephew of Andrew J. Coleman, the insured, of near Charleston, in the county of Mississippi, State of Missouri, if living, if not the said insured's executors, administrators or assigns, $2,500, upon acceptance of satisfactory proof at its head office of the death of Andrew J. Coleman," etc. It was dated November 24, 1904. The annual premium was $106.55, which was paid by defendant for the first year, no other premium having accrued prior to the death of the insured. The court refused all the instructions asked by defendant and gave this one at the instance of plaintiff:

"The court instructs the jury that if they believe and find from the evidence that Andrew J. Coleman, prior to the 24th day of November, 1904, was indebted to the defendant and that said Coleman procured a policy of insurance upon his life in favor of the defendant, for the sum of twenty-five hundred dollars, and that said defendant paid the premiums on said policy, and that after the death of the said Coleman the company issuing said policy paid the amount of said policy, or any part thereof, to defendant, your verdict should be for the plaintiff for the amount so paid, diminished by the amount of premiums paid by defendant on said policy and the amount which Coleman owed defendant at the time of his death, or defendant had loaned or paid out for Coleman."

The jury returned a verdict for defendant and this appeal was prosecuted.

GOODE, J. (after stating the facts).—1. Defendant was an incompetent witness because he was a party to whatever understanding he had with the deceased Coleman about the insurance contract. Confessedly there was some arrangement between them, and the cause of action in issue and on trial turned on whether it was such a one as would allow defendant to retain all the money collected on the policy or only what deceased owed him plus the premiums he had paid. Defendant's testimony falls within the letter and spirit of testimony excluded by section 4652 of the statute (R. S. 1899). [Kersey v. O'Day, 173 Mo. 560.] The facts testified by defendant may be gleaned from other witnesses; some of them were, and it is best to consider the merits of the case, taking account of all the evidence before us.

2. Defendant had no insurable interest in the life of his half-uncle, and could only procure insurance on said life as a creditor and in an amount large enough to cover his debt and the expense of maintaining the policy. [Singleton v. Railroad, 66 Mo. 63; Ryan v. Insurance Co., 117 Mo. App. 568; Corson's Appeal, 113 Pa. St. 438.] Possibly insurance could have been taken to cover prospective obligations, but that question is out of the case. If a person is willing to take the risk of placing insurance on his own life for a beneficiary who has no interest in its preservation, he may do so; and hence Coleman himself might insure his life in such sum as he chose for the benefit of his nephew, or even without reference to the relationship, if he did so in good faith to promote the nephew's welfare, and not in a collusive manner which would be equivalent to the latter procuring the insurance. [Locher v. Kuech-

135 App—33

enmiester, 120 Mo. App. 701, 720, and cases cited; Cooke, Life Insurance, sec. 60, p. 94.] The instruction given by the court left no opportunity for the finding in defendant's favor; and, indeed, did not submit the question of whether the insurance was taken by Coleman in good faith for defendant's benefit, not only as a creditor to the extent of his demand, but for the full amount of the policy and simply out of a desire to benefit defendant. Therefore the charge was more favorable to plaintiff than it should have been on the evidence. Though defendant's nephew could not insure his uncle's life, the relationship and the intimacy and favors which grew out of it, are items to consider in dealing with the question of whether the uncle procured the policy and wholly for defendant's sake; for those circumstances enhance the probability that he did. If Coleman took the insurance on the inducement of defendant, who was the active and moving party in the transaction, the policy was speculative. [Waineright v. Bland, 2 Moody & R. 481; Schilling v. Insurance Co., 2 Hurlst. & N. 41; Bromley v. Insurance Co. (Ky.), 5 L. R. A. (n. s.) 747; Cammack v. Lewis, 82 U. S. 643.] In that event defendant is entitled to keep no more of the proceeds of the policy than the amount of his claim against Coleman's estate. [Brockway v. Insurance Co., 9 Fed. 249; Coon v. Swan, 30 Vt. 7; Fairchild v. Life Assn., 51 Vt. 612, 624, et seq.; Tate v. Bldg. Assn., 97 Va. 74; Metropolitan, etc., Co. v. O'Brien, 92 Mich. 94; Exchange Bank v. Loh. (Ga.), 44 L. R. A. 372; Union, etc., League v. Watson (Ga.), 46 L. R. A. 424.] If Coleman procured the insurance, but on an understanding with defendant that the latter's interest in it should be only as security for what the former owed, then defendant may retain no more of the proceeds than enough to make him whole. [Strode v. Meyer Bros. Drug Co., 101 Mo. App. 627; Am. Life Assn. v. Robertshaw, 26 Pa. St. 189.] The principal point for decision is whether, on all the facts, the court

should have declared the rights of the parties as being concluded by one or more of those propositions of law, or there were issues for the triers of the facts. In our judgment a legal conclusion cannot be pronounced one way or the other on the questions of whether defendant was the real and Coleman only the formal procurer of the insurance, or, if the latter was the real procurer, how far he intended defendant to benefit by the policy. Reasons existed why Coleman might wish to help defendant beyond securing the debt the former owed the latter, but the testimony had a tendency to prove defendant instigated deceased to take the insurance. For one thing, it is not clear defendant agreed to pay the premiums, and it rather seems he agreed only to come to the help of Coleman if the latter was unable to pay them when due. Deceased gave a note for the first premiums, which note defendant signed as surety. The same method was followed in respect of the premiums on the policy taken by Coleman for the benefit of his wife. We find a conflict of remark and perhaps of decision, on the point of whether an agreement by a beneficiary who has no pecuniary interest in the life of the insured, to pay premiums, suffices to stamp the contract as a wager, or is only a fact pointing to that conclusion. This question does not quite come up for decision on the present record, which presents defendant as apparently a surety for the payment of premiums. The result of the case turns on what was, in truth, the arrangement between defendant and Coleman; that is, on whether defendant used Coleman to obtain the insurance, or Coleman procured it of his own volition and for the exclusive benefit of defendant, or for his benefit by way of indemnity. In the second contingency only would defendant have the right to keep the entire proceeds. In Langdon v. Insurance Co., 14 Fed. 272, 279, the court said the payment of premiums by a beneficiary was not conclusive proof the policy was taken out by him; citing to the point Triston v. Hardey, 14 Beavan

232, and Armstrong v. Insurance Co., 13 Reporter, 711. See, too, Aetna Life Ins. Co. v. France, 94 U. S. 561; and for a citation of cases pro and con, the note to Heinlein v. Insurance Co., 25 L. R. A. 627, 629. The Langdon case is, for the purpose in hand, identical with the facts in this one, and the question of whether the insured or the beneficiary had procured the policy was held to be one of fact for the jury, as it was in Brockway v. Insurance Co., Waineright v. Bland, Shilling, Admx. v. Insurance Co. and Fairchild v. Life Assn., supra. To the same effect is Cooke on Life Insurance, section 60, page 96.

The present cause stands on a different footing from such cases as Warnock v. Davis, 104 U. S. 775, and Richards v. Insurance Co., 99 Mo. App. 88; not only because the facts of said cases pointed to the view that the intention of the insured persons was simply to indemnify their creditors, but because though the law permits a contract of insurance to be made by a person on his own life for the benefit of another who has no pecuniary interest in his life, yet by a distinction hard to maintain on principle, many courts, including those of this State, hold the assignment of a policy to one having no interest in the life of the insured, is invalid, and if made to a creditor, valid only to the amount of his advances. [Cooke, Life Insurance, sec. 73, p. 119 et seq.]

No point has been mooted about the remedy of the plaintiff. It would seem an accounting is called for and that an equitable petition would be proper; but likely an action for money had and received would lie. We omit those questions because counsel did not brief them.

The judgment is reversed and the cause remanded. All concur.