JOSEPH BUCHHOLZ, Appellant, v. JAMES H. CUNNINGHAM ET AL.

JAMES H. CUNNINGHAM ET AL., Plaintiffs, v. JOSEPH BUCHHOLZ, Defendant.—100 S. W. (2d) 446.

Division One, January 5, 1937.

*Randolph & Randolph* and *William B. Raez* for appellant.

*Mytton, Parkinson & Norris* for respondents.

306

GANTT, P. J.—Action to determine which of two written instruments is the last will of James H. Cunningham, deceased. Three instruments dated April 14, 1919, March 12, 1924, and June 27, 1924, were exhibited in the probate court as the will of deceased. The estate consists of personal property of the value of $17,000. The facts follow:

James H. Cunningham died December 16, 1932, without lineal descendants. On December 23, 1932, the probate court appointed Claude Madison administrator of his estate. The first publication of notice of the granting of letters of administration was on said date. On January 13, 1933, Madison exhibited in said court the instrument of April 14, 1919. On hearing proof, the court set aside the order appointing him administrator of the estate, admitted the instrument to probate, appointed him administrator with the will annexed, and accordingly issued letters to him.

On January 23, 1933, Madison exhibited in said court the instruments of March 12 and June 27, 1924. Thereupon the court set aside the order appointing him administrator with the will of April 14, 1919, annexed, and rejected said instrument as a will. On hearing proof it then admitted to probate the instrument of June 27, 1924, and appointed him administrator with said will annexed, and accordingly issued letters to him. Thereafter and on January 23, 1933, the Cunninghams (collateral heirs) filed suit in the circuit court against Joseph Buchholz and other beneficiaries under said purported wills. In said suit the petition alleged that all of said instruments had been admitted to probate and it sought to have all of them rejected as wills. On March 23, 1933, the petition was amended by correctly stating the names of three of the plaintiffs. On October 23, 1933, a second amended petition was filed omitting all reference to the instruments of April 14, 1919, and March 12, 1924. As last amended the petition only sought to have the instrument of June 27, 1924, rejected. The case was tried on January 23, 1934. On a jury being waived, evidence was heard and the case submitted. The court found that deceased was of unsound mind at the time of the execution of the instrument of June 27, 1924, and rejected same as a will. In the meantime and on October 25, 1933, the instrument of March 12, 1924, had been rejected by the probate court as a will.

On June 9, 1934, the Cunninghams filed suit in the circuit court against Joseph Buchholz and other beneficiaries under the instrument of April 14, 1919. In said suit the Cunninghams sought to have the instrument of March 12, 1924, established as the will of deceased.

At this time there was pending in the circuit court a suit, filed on November 16, 1933, by Joseph Buchholz against the Cunninghams. As stated, the probate court set aside its order admitting to probate the instrument of April 14, 1919, and rejected same. Buchholz sought to have said instrument established as the will of deceased. In said suit the answer of the Cunninghams alleged that at the time of the execution of the instrument of March 12, 1924, the deceased was of sound mind, and prayed that it be probated as the last will of deceased.

In the Cunningham suit filed on June 9, 1934, the answer of Buchholz alleged that at the time of the execution of the instrument of March 12, 1924, the deceased was not of sound mind, and prayed that the instrument of April 14, 1919, be probated as the last will of deceased.

Thus it appears there were two cases pending in the circuit court to establish different instruments as the will of deceased. They were consolidated for trial by agreement of the parties. On the trial the jury found that on March 12, 1924, the deceased was of sound mind and that the instrument of that date was the last will of deceased. Judgment was accordingly entered. Joseph Bucholz, plaintiff in the Buchholz case and defendant in the Cunningham case, appealed.

I. Buchholz contends that the suit to establish the instrument of March 12, 1924, as a will was barred by limitation. It is provided in Section 531, Revised Statutes 1929, that no will can be admitted to probate unless exhibited for proof to the probate court or judge or clerk thereof within one year from the first publication of the notice of granting letters testamentary or of administration. Of course, if it was not so exhibited no suit could be maintained in the circuit court with reference to the matter.

It is admitted that the probate court, by order of record, rejected the instrument of March 12, 1924, on October 25, 1933. Even so, Buchholz argues that the admission of the instrument of June 27, 1924, to probate by order of record on January 23, 1933, was, in effect, a rejection of the instrument of March 12, 1924, for the reason that both of said instruments were exhibited in the probate court at the same time. We do not think so. The probate court speaks only by record. [Farris v. Burchard, 242 Mo. 1, l. c. 8, 145 S. W. 825.] Furthermore, the statement of the probate judge, on admitting the instrument of June 27, 1924, to probate, that he would reject the instrument of March 12, 1924, tends to show that the court was not at that time rejecting said instrument. It follows that the instrument of March 12, 1924, was not rejected until October 25, 1933, and that the suit to establish same, having been filed within one year after said rejection, was not barred by limitation. [Sec. 537, R. S. 1929.]

II. Buchholz next contends that there was not sufficient evidence to establish the instrument of March 12, 1924, as a will. It was witnessed by Claude Madison and Walter B. Campbell. At the time of the trial Campbell was dead. The attestation clause follows:

"Signed, sealed, published and declared by the said James Henry

Cunningham, the testator, as and for his last will and testament; and we, at his request and in his presence, and in the presence of each other, have hereto subscribed our names as witnesses thereto, this 12th day of March, 1924.''

It will be noted that it is not expressly stated in the clause that testator signed the instrument in the presence of the witnesses. Even so, the statement that testator signed the instrument is equivalent to a statement that he signed it in the presence of the witnesses. In other words, they could not state that he signed the instrument unless they saw him do so.

The Cunninghams called Claude Madison as a witness. He testified that it was James H. Cunningham's signature to the instrument; that he thought he saw him sign it; that it was his signature and Walter B. Campbell's signature to the attestation clause; that ''they may have and may not'' have signed it in the presence of each other; that he presumed they signed the attestation clause in the presence of deceased; that deceased requested him to sign as a witness; that ''the chances are'' that Walter B. Campbell signed the attestation clause in the presence of deceased and himself; and that at said time deceased was not mentally capable of making a will.

Obviously this testimony is substantial evidence tending to show a statutory execution of the instrument as a will. If so, the Cunninghams made a prima facie case. [German Evangelical Bethel Church of Concordia v. Reith, 327 Mo. 1098, 39 S. W. (2d) 1057, 76 A. L. R. 604, 617, 621, 622; 68 C. J. 982.]

On the Cunninghams making a prima facie case Buchholz introduced substantial evidence tending to show that deceased did not have sufficient mental capacity on March 12, 1924, to make a will. Thereupon the Cunninghams introduced substantial evidence tending to show that deceased did have mental capacity to make a will at said time. The question was for the jury. In this connection Buchholz contends that certain questions asked by the Cunninghams were leading and suggestive and that he was thereby prejudiced. After qualifying lay witnesses as to their association with deceased, they were asked if they noticed any indication of insanity. They answered no.

In this jurisdiction a lay witness may give an opinion that a person is sane without detailing the facts on which he bases the opinion. [Kaechelen v. Barringer, 19 S. W. (2d) 1033.] If the witness may so testify, it is not improper to inquire if he observed anything indicating insanity.

III. He next contends that the Cunninghams ''created a clear estoppel against themselves when they introduced in evidence the judgment of the circuit court declaring the instrument of June 27, 1924, not the will of James Henry Cunningham, deceased.''

We do not understand the contention. In this case Buchholz introduced in evidence the abandoned original and first amended petition in the case contesting the validity of the will of June 27, 1924. As stated, in the abandoned petitions it was alleged that deceased was of unsound mind at the time he executed all of the purported wills. The allegations in the abandoned petitions are not conclusive. The said petitions were admitted in evidence only for the consideration of the jury as admissions. "The judgment of the circuit court declaring the instrument of June 27, 1924, not the will of James Henry Cunningham, deceased" only decreed the invalidity of said instrument. The question of the validity of the other purported wills was not an issue in that case.

IV. Buchholz next contends that he "should have been given the opening and closing both as to evidence and argument."

The consolidated cases were tried on the theory that the instrument of April 14, 1919, was duly executed and that deceased was of sound mind at the time. In other words, the validity of the instrument of March 12, 1924, was the only question to be determined by the jury. At the request of Buchholz the jury was so instructed. Of course, the Cunninghams had the burden to establish the instrument of March 12, 1924, as the will of deceased. The question was correctly ruled by the trial court.

V. He next contends that the instruction given at the request of the Cunninghams, submitting to the jury the issue of the deceased's mental condition on March 12, 1924, was erroneous.

He argues that the instruction should not have directed the jury that the law does not require "any particular degree of understanding" on the part of deceased. The question has been ruled against the same contention in Meyers v. Drake, 324 Mo. 612, 24 S. W. (2d) 116, l. c. 124.

He also argues that the instruction should have required the jury to find that deceased understood the ordinary business affairs of life. The instruction in the Meyers case was approved, although it did not require the jury to so find. Indeed, the criticized instruction in this case and the instruction approved in the Meyers case are identical.

The judgment should be affirmed. It is so ordered. All concur.