STATE of Missouri ex rel. Eula W.
PLYMESSER, Respondent,

v.

A. B. CLEAVELAND, Judge of the Probate
Court of Caldwell County, Missouri, Appellant.

No. 50522.

Supreme Court of Missouri,

Division No. 2.

March 8, 1965.

Frank L. Pulley, Cameron, Stephen J. Millett, Kingston, Knipmeyer, McCann & Millett, Kansas City, of counsel, for respondent.

Paul Knudsen, Kingston, Harold L. Miler, Maysville, for appellant.

FINCH, Judge.

This is an appeal from a decree of the Circuit Court of Caldwell County making absolute a writ of prohibition against the Probate Judge of Caldwell County, Missouri, whereby he was prohibited from taking proof relating to a purported last will and testament of J. B. Robertson, deceased, dated September 29, 1956. Jurisdiction of this court is based upon the fact that Eula W. Plymesser, respondent, will receive one-half of an estate of approximately $43,000, part real and part personal, if the purported will of September 29, 1956, is not admitted to probate, whereas she would receive $50 by the terms of the will if it is admitted to probate. The amount involved is the difference between one-half of approximately $43,000 and $50. State ex rel. Fleischaker v. Allen et al., 338 Mo. 797, 92 S.W.2d 169.

J. B. Robertson died February 28, 1960. A will signed by J. B. Robertson and dated September 27, 1958, was admitted to probate in the Probate Court of Caldwell County. Letters testamentary were granted March 1, 1960, and the first publication of notice thereof was on March 3, 1960. On September 19, 1960, a will contest suit was instituted. A jury found that the will was procured by undue influence. An appeal from that judgment to the Supreme Court of Missouri was dismissed on January 14, 1963. Thereafter, on February 28, 1963, an application was filed in the Probate Court of Caldwell County seeking to have admitted to probate a carbon copy of a purported

prior will of J. B. Robertson dated September 29, 1956. Notice of this application was sent to attorneys for respondent, who appeared in the Probate Court and objected to the jurisdiction of the Probate Court to entertain the application. The Probate Court refused to dismiss the application for probate, and respondent thereupon filed her application for writ of prohibition in the Circuit Court of Caldwell County. It recited the above facts, and recited that counsel for petitioner (respondent herein) on March 1, 1963, appeared in the Probate Court of Caldwell County and objected to the jurisdiction of said court to entertain the application or admit the instrument to probate on the following grounds:

"(A) The Probate Court of Caldwell County, Missouri, had no authority to admit said purported Will dated September 29, 1956, to Probate because of the mandatory provisions of Section 473.050 V.A.M.S., Revised Statutes of Missouri, 1959, which clearly states, 'No proof shall be taken of *any* will nor any certificate of probate thereof issued, unless the will has been presented to the Judge or clerk of the Probate Court, within nine months from the date of the first publication of the notice of granting letters testamentary or of administration by any Probate Court in the State of Missouri, on the estate of the testator named in the will so presented.' And that the Probate Court of Caldwell County, Missouri, well knows that more than nine months have elapsed since the first publication of notice of letters testamentary were had upon the estate of J. B. Robertson, deceased.

"(B) That O. J. Adams, as Executor of the estate of J. B. Robertson, deceased, and the other defendants in the action to contest the Will of J. B. Robertson, dated September 27, 1958, known as case No. 7952 in the Circuit Court of Caldwell County, Missouri, and as case No. C–5787 in the Circuit Court of DeKalb County, Missouri, and as case No. 49343 in the Supreme Court of Missouri, failed to allege in their respective answers that the purported will

dated September 29, 1956, was in existence and that it was a valid existing Will of J. B. Robertson, deceased, in violation of the provisions of Section 473.083(2), V.A.M.S. Revised Statutes of Missouri, 1959, which states, 'Where the petition or the answer thereto is based on the ground that an instrument other than the Will probated is the last Will of the testator, or that a rejected Will, other than a Will probated is the last Will of testator, the pleadings shall be so framed as to submit the issue of which of said instruments is the *last Will of testator,* or whether decedent died intestate, and the judgment therein shall determine said issue. No Will shall be established in the action unless same has been theretofore probated or rejected by the Probate Court.'

"The purpose of this Section as stated in V.A.M.S. is to prevent a succession of Will contests.

"(C) That J. B. Robertson destroyed and revoked the instrument dated September 29, 1956, and it does not constitute his Last Will and Testament."

The application further recited that the Probate Court was about to act in excess of its jurisdiction, and the petitioner had no adequate remedy by appeal or otherwise and sought a writ of prohibition. A preliminary writ was issued, to which appellant subsequently filed a return. The return did not deny any of the facts alleged in respondent's petition. It alleged that Section 473.050 (all references are to RSMo 1959, V.A.M.S., unless otherwise indicated) was inapplicable for the reasons that since the will of September 27, 1958, was set aside there was no administration on said will and the notice of letters testamentary was a nullity, that the five-year statute of limitations provided for in Section 473.070 was applicable, that the will of September 27, 1958, was finally rejected as the will of deceased on February 20, 1963 (the date of the entry of judgment upon the mandate of the Supreme Court by the Circuit Court of DeKalb County, Missouri), that the application on February 28, 1963, to admit the

will of September 29, 1956, to probate was within nine months of the date of the rejection of the prior will, that Section 473.-083(2), cited by respondent as making it necessary to plead and prove in the will contest case other wills relied upon, was not applicable, and that therefore the Probate Court had jurisdiction to admit to probate the will of September 29, 1956. Thereupon, respondent filed and the court sustained a motion for judgment on the pleadings and the writ of prohibition was made absolute. Motion for new trial was filed and overruled, and this appeal followed.

Respondent has filed a motion to dismiss this appeal on the ground that appellant's brief does not comply with Rule 83.05, V.A.M.R. It is doubtful that the brief does comply with that rule, but we have concluded, under the particular facts here involved, to overrule the motion to dismiss and to consider the appeal on its merits.

Various assignments of error set out in appellant's motion for new trial are not briefed in appellant's brief on appeal. Those which are not so briefed are waived. Ayres v. Keith, Mo., 355 S.W.2d 914, 919.

The single proposition raised in appellant's points relied on is that the five-year statute of limitations provided by Section 473.070, rather than the nine-month statute provided by Section 473.050, was applicable here. Quoting from appellant's brief, the point is summarized in this language: "If the contest of a will operates in the nature of an appeal from the order of the probate court probating the will, and if such contest is successful does not the rejection of the will carry with it also the effect of annulling and vacating all orders made in connection with such will, including of course the appointment of the executor and the voiding of the notice of letters testamentary? It is our contention that it does and that therefore that situation places the estate in the position of an estate which has never been administered upon thus giving the proponents of the will five years in which to offer the will for probate."

An examination of some of the provisions of the Probate Code to determine the legislative intent is in order.

Section 473.050, the section relied on by the trial court as the basis of its writ of prohibition, provides as follows: "No proof shall be taken of any will nor any certificate of probate thereof issued, unless the will has been presented to the judge or clerk of the probate court, within nine months from the date of the first publication of the notice of granting letters testamentary or of administration by any probate court in the state of Missouri, on the estate of the testator named in the will so presented."

Section 473.070, cited by appellant as the governing provision, provides in part as follows: "In addition to the limitations of time provided in section 473.050, no written will shall be admitted to probate and no administration granted unless application is made to the court for the same within five years from the death of the decedent. * * *"

Publication of notice of letters testamentary on the estate of J. B. Robertson occurred March 3, 1960. Application to have the will of September 29, 1956, admitted to probate was filed in the Probate Court of Caldwell County on February 28, 1963, almost three years after the publication of the notice of letters testamentary. Unless, as appellant contends, the publication of notice of March 3, 1960, was a nullity, it seems clear that the provisions of Section 473.050 would bar the taking of proof relative to the will of September 29, 1956. In that event the limitation provided in Section 473.070 would not be applicable.

Section 473.013 provides that the administration of the estate of a decedent from the filing of the application for *letters testamentary or of administration* until the decree of final distribution and the discharge of the *last administrator or executor* is one single proceeding *in rem* for purposes of jurisdiction. Section 473.033 provides for the clerk to publish notice of the issuance of such letters in the manner prescribed, notifying all creditors to file claims within nine months from the date of the notice or be barred. The following section (473.037) provides that if notice of the first letters granted on an estate is published pursuant to Section 473.033, no notice of letters thereafter granted to a *successor executor or administrator* is required. Section 473.137 provides for the appointment of an administrator pendente lite pending a will contest case (this would be the executor unless it appears that he has an adverse interest to the contestant of the will) and this administrator proceeds with administration of the estate until termination of the will contest. Section 473.143 (2) provides that if the probate of a will is set aside, the letters testamentary shall be revoked, and other letters granted of the goods unadministered.

When these provisions are applied to the estate of J. B. Robertson, it is apparent that the administration on his estate commenced with the application for letters testamentary on March 1, 1960, and will continue for jurisdictional purposes as a single *in rem* proceeding until the estate is closed by a decree of final distribution and the discharge of the last executor or administrator. The publication of the notice of letters dated March 3, 1960, is the only notice of issuance of letters which will be required. Section 473.037 expressly so provides. It refers to the original publication of notice of letters issued, whether testamentary or of administration. The section does not say that it shall not apply to letters issued as a result of a will later set aside. The language is not qualified in any manner. The subsequent sections referred to above show that it is intended that the administration on the estate will continue pending the will contest case, and at the conclusion thereof will be continued to final distribution and discharge, regardless of whether the will is sustained or not. It is obvious that the statutes do not contemplate that the administration of the estate is fragmented into various separate proceedings.

Instead, it is one continuous proceeding *in rem,* the original notice of which under Section 473.033 suffices as notice of the entire proceeding. Section 473.143(2) applies specifically to a situation where the probate of a will is set aside. It does not provide that in such situation the prior administration proceedings and notice thereof are annulled and vacated, as appellant contends. Instead, the statute provides for continuance of the administration and for issuance of letters of the goods unadministered. Missouri textwriters also have recognized that institution of the will contest does not remove the estate of the decedent from jurisdiction of the probate court, that administration of the estate continues pending the will contest, and that at the close of the will contest the same administration continues either by the executor if the will is not set aside or by an administrator if the will is set aside. See Maus, Missouri Practice—Probate Law and Practice, Vol. 3, Sections 275–279, inclusive, and Limbaugh, Missouri Practice with Forms, Vol. 2, Sections 1146 and 1147.

The language of Section 473.050 is consistent with the provisions of these other sections. In providing for a period during which a will must be presented or barred in an estate where letters testamentary or of administration have been issued previously, it makes the limitation period run from the date of first publication of notice of issuance of such letters. It recognizes that there may have been letters testamentary which quite obviously would have been issued on the basis of some other will admitted to probate. Section 473.050 contains no limiting phraseology which makes it inapplicable to notice following letters based on a will subsequently set aside. (It should be noted also that in Section 473.077 the Legislature again provides for this nine-month limitation period dating from the date of first publication of notice of letters.)

The courts of this state have on various occasions upheld Section 473.050 (or the similar sections preceding it wherein the limitation period was one year rather than nine months). In State ex rel. Bier v. Bigger, 352 Mo. 502, 178 S.W.2d 347, this court held that the section in question was a special statute of limitations, not included in the general chapter on limitations, and that the running thereof could not be tolled for any reason, including fraud or concealment. The court held that after the lapse of one year from the publication of notice of letters of administration in that estate, the Probate Court could not take proof of a will which had been fraudulently concealed up to that time. See also Wyers v. Arnold, 347 Mo. 413, 147 S.W.2d 644, 134 A.L.R. 876, and State ex rel. Shriners' Hospitals v. Hensley, Mo. App., 385 S.W.2d 820. See also Limbaugh, Missouri Practice with Forms, Vol. 1, Sec. 606, and Maus, Missouri Practice—Probate Law and Practice, Vol. 3, Section 203.

At one point in his argument appellant contends that if Section 473.050 is applicable there would be a nine months period for proving the alleged will of September 29, 1956, from the date of final rejection of the 1958 will, and he cites in support thereof the case of Buchholz v. Cunningham et al., 340 Mo. 302, 100 S.W.2d 446. The Buchholz case does not support this proposition at all. There, three different wills were all presented to the Probate Court within a short time after the estate was opened and well within the limitation of one year provided at that time by the section of the statutes which preceded Section 473.050. The Probate Court, after taking proof of one of the wills, did not make an order until several months later rejecting the will in question. Within a year thereafter suit was brought to have that particular will established as the will of the deceased, and the Buchholz case holds that the suit brought within one year from the date of action by the Probate Court in rejecting that particular will was not barred by limitation under the law as it then existed. In the case at bar the will of September 29, 1956, was never presented to the Probate Court prior to the filing of the application for probate of same

on February 28, 1963, long after the expiration of nine months from the date of first publication of notice of letters.

■ We hold that Section 473.050 was applicable and that under the terms thereof the Probate Court did not have jurisdiction to take proof with respect to the purported will of September 29, 1956, pursuant to the petition and application for probate filed February 28, 1963. The judgment of the trial court making the writ of prohibition absolute is affirmed.

All of the Judges concur.