## GEORGE R. JOHNSON v. MARTHA ANN BREWN et al., Appellants.

### Division Two, March 17, 1919.

1. **ADMINISTRATION: Power of Executor Pending Will Contest.** The filing in the circuit court of a suit to contest a will, which has been probated in the probate court, *ipso facto* vacates an order probating the will, without any formal order of the probate court. When such a suit is filed it operates in the nature of an appeal from the order of the probate court probating the will.

Johnson v. Brewn.

2. ———: ———: **Sale of Real Estate.** A sale of real estate by the executor, to whom have been issued letters testamentary, to pay debts of the testatrix, in pursuance of an order of the probate court, the application and order for said sale having been made after a suit has been timely instituted in the circuit court to contest the will, which results in setting aside the will, is void, and the deed made in pursuance of the order is void, because the probate court, after said suit to contest the will is begun, has no jurisdiction to make the order.

3. ———: ———: **Invalid Order: Collateral Proceeding: Notice of Lack of Jurisdiction.** In a collateral proceeding, such as a suit to quiet title between the purchaser at an executor's sale and the heirs of the testatrix, the circuit court can question the jurisdiction of the probate court to order a sale of the land after a suit had been instituted in the circuit court contesting the will, by inquiring further than the record made in the probate court. The purchaser from the executor is bound to take notice that the will does not become finally binding and operative until the expiration of the time for filing a suit to contest it, and he is bound to take notice of suits to contest the will filed in the circuit court within that time, and a suit to contest the will timely filed in the circuit court *ipso facto* ousts the probate court. during its pendency, of jurisdicton to make an order authorizing the executor to sell real estate to pay debts.

Appeal from Jackson Circuit Court.—*Hon. Kimbrough Stone,* Judge.

Reversed and remanded.

*John H. Gatley, Wm. S. Bray* and *H. J. Emerson* for appellants.

(1) During the pendency of a suit contesting a will by the terms of which an executor has been appointed, said executor's powers as such cease and he is not the proper person to petition the probate court for the sale of real estate for the purpose of paying debts of the decedent, and any action by the probate court on said application, is *coram non judice.* Sec. 21, R. S. 1909; Brinckwirth's Estate v. Troll, 266 Mo. 473; Stark v. Kirchgraber, 186 Mo. 663; Miller v. Staggs, 266 Mo. 449; State ex rel. Hamilton v. Guinotte, 156 Mo. 153; State ex rel. Ashton v. Imel, 243 Mo. 519.

(2) If after the granting of letters testamentary to an executor appointed in a will, upon the probating thereof, the will is contested by a suit duly filed in the circuit court, such letters testamentary are thereby revoked or at least must be revoked, and the powers of the executor cease. Sec. 21, R. S. 1909; State ex rel. v. Guinotte, 156 Mo. 519; Rogers et al. v. Dively, 51 Mo. 193; State ex rel. Ashton v. Imel, 243 Mo. 185; Brinckwirth's Estate v. Troll, 181 S. W. 403. (3) A petition to sell land of decedent for the payment of his debts, made by the executor appointed in a will (duly probated in the probate court, but afterwards declared void by the circuit court in a contest on same) made by said executor to the probate court after the filing of said contest, is not made by the proper party and does not give the probate court jurisdiction over the land and such executor's deed purporting to convey said land under and pursuant to the orders of the probate court, is a nullity. Cases supra.

WHITE, C.—This is an action to determine title to certain real estate in Jackson County. The plaintiff claims title under an executor's deed made by the executor of the will of Sarah Talley, deceased. The appellants here are heirs of Sarah Talley. Other heirs of Sarah Talley were made defendants, but did not appear at the trial and have not appealed.

Sarah Talley died in March, 1895. On March 24, 1895, her will was presented for probate and duly probated by the probate court of Jackson County. The will named N. J. Sechrest as executor. On March 29, 1895, Sechrest duly qualified and by order of the probate court took charge of the estate and entered upon his duties as executor.

On May 20, 1895, an action was begun in the circuit court of Jackson County by certain heirs of Sarah Talley, to contest her will.

On May 25, 1897, the executor, Sechrest, made application to the probate court to sell the real estate in

controversy here for the purpose of paying the debts of the deceased. August 9, 1897, the probate court ordered the sale of said real estate. On February 14, 1898, the executor made a deed purporting to convey the land in controversy in pursuance of the said order of the probate court.

In the meantime Sechrest, who was made a party to the suit to contest the will, filed his answer to said suit September 20, 1897. On September 21, 1898, the circuit court in which said suit was pending rendered judgment declaring the instrument which was admitted to probate in the probate court was not the will of Sarah Talley.

It will be seen from this brief statement of the principal facts that at the time the executor filed application in the probate court to sell the real estate in controversy the will contest was pending, and he was made a party to it. It was pending and undisposed of when he made the sale and executed the deed under which the plaintiff claims.

The circuit court rendered judgment in favor of the plaintiff, determining that the plaintiff George R. Johnson was the owner in fee simple of the real estate in controversy, having acquired the same through the said deed. The defendants appealed.

I. The trial court gave a declaration of law to the effect that if the executor under the will, before the institution of the contest, was duly qualified and acting as such under the orders of the probate court, he remained such with full power to act under orders of said court until the said probate court, by appropriate order, made upon its own motion or upon application of some interested party, should appoint an administrator to act during the contest proceeding. The appellants challenge that statement of the law.

**Effect of Will Contest.**

The principal question for determination then is whether the filing in the circuit court of a suit to con-

test a will, which has been probated in the probate court, *ipso facto* vacates an order probating the will without any formal order of the probate court.

It has always been held, in the early and late cases, that when a suit to contest a will is filed in the circuit court under Section 555, Revised Statutes 1909, the suit operates in the nature of an appeal from the order of the probate court probating the will. "The Legislature may undoubtedly provide other modes besides the ordinary form of appeal, by which the controlling power of the circuit court may be exercised." [Dickey v. Malachi, 6 Mo. l. c. 182.] "There was no appeal in form, but the result of the process was the transference of the contest from an inferior to a superior court." [Benoist v. Murrin, 48 Mo. l. c. 52.] "Such contest destroys the present efficacy of the mere formal probate in the probate court." [State ex rel. v. Imel, 243 Mo. l. c. 186.]

Since the statute, Section 4056, Revised Statutes 1909, gives probate courts original jurisdiction "over all matters pertaining to probate business, to granting letters testamentary and of administration," the jurisdiction which the circuit court acquires in a contest case is derivative and not original. [State ex rel. v. Guinotte, 156 Mo. l. c. 519.]

The logical conclusion from these interpretations of the statute would furnish an affirmative answer to the question propounded, the filing of a contest operates *ipso facto* to vacate an order of the probate court admitting a will to probate.

The section of the statute which the circuit court doubtless had in mind as more particularly affecting the case is Section 21, Revised Statutes 1909, as follows:

"Sec. 21. If the validity of a will be contested, or the executor be a minor, or absent from the State, letters of administration shall be granted during the time of such contest, minority or absence to some other person, who shall take charge of the property and administer the same according to law, under the direc-

tion of the court, and account for and pay and deliver all the money and property of the estate to the executor or regular administrator when qualified to act."

Section 21 does not provide that when a contest is filed the probate court shall revoke the order admitting the will to probate and granting letters testamentary; it only provides that the court shall appoint a temporary administrator. The obvious inference is that the probate court is powerless to revoke the order because the order is already vacated by the filing of the suit to contest. The probate court retains jurisdiction of the *estate* and should appoint a temporary administrator to administer it. But the jurisdiction of all questions pertaining to the probate of the will are transferred by the contest to the circuit court. This construction of that section is the only one consistent with the interpretation of Section 555, as explained above, and the two sections must be construed *in pari materia.* Hence it follows that a party who files such a contest suit in the circuit court cannot dismiss it; the will must still be proved or rejected in the circuit court. [Hogan v. Hinchey, 195 Mo. 527.]

Section 47, Revised Statutes 1909, is in effect the converse of Section 21. It provides that if letters of administration are granted and the will of deceased is found and admitted to probate, the letters of administration shall be revoked and letters testamentary granted. This court in In re Estate of Brinckwirth, 266 Mo. 473, construed that section and held that no formal order was necessary to vacate the order granting letters to the administrator. The court says, l. c. 480:

"Yet it is perfectly clear that no such order of revocation was necessary, for the reason before stated, that when the will was probated, then by operation of said Section 47, his authority to further act ceased *ipso facto.*"

The executor in this case had no authority to present an application for the sale, the probate court of Jackson County had no jurisdiction to make the

order of sale, the sale and deed made in pursuance of such invalid order were void and passed no title.

II.　One other question remains to be answered. In this collateral proceeding could the circuit court question the jurisdiction of the probate court in ordering the sale, by inquiring further than the record made in that court? It has been held that a person to whom land was devised by a will duly probated, cannot make a valid conveyance of the land pending the time the will may be contested. [Hughes v. Burriss, 85 Mo. 660; McIlwrath v. Hollander, 73 Mo. 105.] The reason for that holding in these cases is stated in the Hollander case, l. c. 113, in this language: ''When the suit was instituted in the circuit court to contest the validity of said will, the action of the probate court [in probating the will] was in effect annulled and they [the devisees] had no more authority to convey as devisees, than if the will had never been presented to the probate court.'' The will ceased to be operative although that did not appear from the record in probate court. The purchaser from the devisee was bound by the result of the suit to contest the will filed in the circuit court. It is held in the McIlwrath case that the pendency of a suit to contest the will did not require the filing of a statutory *lis pendens,* that the common law doctrine of *lis pendens* applied.

Section 555, Revised Statutes 1909, provides that any one ''interested in the probate of a will,'' may appear within two years (Now one year, Laws 1917, p. 106) and contest the validity of the will or pray to have it proved, and Section 557 provides that if no person shall appear within that time the probate or rejection of the will shall be binding. A purchaser, therefore, from the executor, like a purchaser from the devisee, is bound to take notice that the will does not become finally binding and operative until the expiration of the time for filing a suit to contest it, and he is

*Notice and Jurisdiction.*

bound to. take notice of an action filed in the circuit court within that time.

The want of jurisdiction in the probate court to order the sale could be ascertained by examination of the record of the circuit court. The purchaser took with constructive notice of the pending contest and therefore acquired no title.

The judgment is reversed and the cause remanded so that the trial court may determine the title of the parties in accordance with the views expressed in this opinion.

*Roy, C.,* absent.

PER CURIAM.—The foregoing opinion by WHITE, C., is adopted as the opinion of the court. All of the judges concur.