Hattie Lucitt, Appellant, v. Estate of Jennette Toohey, Sabina Myers Stecknist and Fred W. Klaber, Administrator of the Estate of Jennette Toohey.—89 S. W. (2d) 662.

Division One, January 11, 1936.

*Robert E. Rooney* and *Charles F. Johnson* for appellant.

344

*James P. Aylward, George V. Aylward* and *Terence M. O'Brien* for respondents.

FRANK, J.—This cause originated in the Probate Court of Jackson County. On appeal to the circuit court of that county the judgment of the probate court was affirmed, and the case is here on appeal.

The record shows that on April 23, 1930, during the February Term, 1930, in the Probate Court of Jackson County, an instrument of writing purporting to be the last will and testament of Jennette Toohey, deceased, was duly probated as such. On April 25, 1930, during the same term of court, appellant, Hattie Lucitt, was appointed executrix of said will, and thereupon said executrix gave bond as such, which said bond was approved by the court: Afterwards, on May 2, 1930, and during the same February Term, the court, on its own motion, set aside all of aforesaid orders, and continued the hearing on the application to probate said purported will until May 5, 1930. On May 5, 1930, and during the February Term, 1930, the parties being present by their attorneys, the motion to probate said purported will was taken up, heard and considered by the court and said purported will was by the court rejected and probate thereof was refused. On May 6, 1930, during the February Term, 1930, Fred W. Klaber, public administrator of Jackson County was duly appointed and qualified as administrator of said estate.

Thereafter, on May 8, 1930, during the February Term, 1930, appellant, Hattie Lucitt, by attorney filed a motion asking that the orders setting aside the probate of the will and her appointment as executrix, and the order refusing the probate of the will, all be set aside. Appellant's motion to set aside such orders was overruled on May 24, 1930, same being the sixth day of the May Term, 1930. On the same day, on application of appellant, an appeal was granted to the Circuit Court of Jackson County. On trial of said cause in the circuit court, the judgment of the probate court was affirmed, and the case was brought here by appeal.

Respondents have filed a motion to dismiss the appeal herein on three grounds, (1) because the appeal was not taken within the time provided by statute, (2) because appellant's statement does not comply with rule fifteen of this court, and (3) because no appeal lies from the orders complained of.

We will discuss the third ground of the motion first.

Section 284, Revised Statutes 1929, enumerates the decisions of the probate court from which appeals may be allowed to the circuit court. That statute reads as follows:

"Appeals shall be allowed from the decision of the probate court to the circuit court, in the following cases: First, on all demands against an estate exceeding ten dollars; second, on all settlements of executors and administrators; third, on all apportionments among creditors, legatees or distributees; fourth, on all orders directing the payment of legacies, making distribution or making allowances to the widow; fifth, on all orders for the sale of personal estate because distribution cannot be made in kind; sixth, on all orders for the sale of real estate; seventh, on judgments for waste; eighth, on proceedings to recover balances escheated to the state; ninth, on all orders revoking letters testamentary or of administration; tenth, on orders making allowances for the expenses of administration; eleventh, on orders for the specific execution of contracts; twelfth, on orders compelling legatees and distributees to refund; thirteenth, on the refusal of the court to order sale of real estate to pay debts or legacies; fourteenth, on refusal of the court to order distribution or apportionment among creditors; fifteenth, and in all other cases where there shall be a final decision of any matter arising under the provisions of articles 1 to 13, inclusive, of this chapter. And the right of appeal herein provided for shall extend to any heir, devisee, legatee, creditor or other person having an interest in the estate under administration."

The orders complained of are, (1) the order setting aside the admission of the will to probate, (2) the order setting aside the appointment of appellant as executrix of said will, (3) the order rejecting the will, and (4) the order appointing respondent, Klaber, administrator of said estate.

No appeal lies from any of the orders complained of. The statute above quoted enumerates fifteen specified cases in which an appeal lies from the decision of the probate court. Neither of the orders in question fall within the class of orders enumerated in the statute. Take first the order setting aside the order admitting the purported will to probate. It is clear that no such order is specifically mentioned in the statute. It is equally clear that under no reasonable construction of the statute can it be held that such an order comes within

the class of orders and judgments enumerated in the statute from which an appeal is authorized.

Contention is made that the order comes within the fifteenth specification of the statute which authorizes an appeal from all final decisions. The fault in this contention is that the order in question is not a final judgment. It is a mere interlocutory order made during the progress of the hearing in the probate court. The order setting aside the probate of the will did not finally determine the rights of any of the parties. It left the purported will in the same situation as though the order admitting it to probate had never been made. In such a situation the parties were not only entitled to, but were given, a hearing on the application to admit the purported will to probate. It is clear, therefore, that the order setting aside the probate of the will was not a final order from which an appeal would lie.

We next take the order of the probate court rejecting the will. No appeal lies from this order. It does not come within the class of orders or judgments named in Section 284 of the statute from which an appeal is authorized. Moreover, there is another statute, Section 537, Revised Statutes 1929, which provides an exclusive method for reviewing such orders. This statute reads as follows:

"If any person interested in the probate of any will shall appear within one year after the date of the probate or rejection thereof, and, by petition to the circuit court of the county; contest the validity of the will, or pray to have a will proved which has been rejected, an issue shall be made up whether the writing produced be the will of the testator or not, which shall be tried by a jury, or if neither party require a jury, by the court."

This court has held that no appeal lies from an order of the probate court approving or rejecting a will, but that the statutory method for reviewing such orders by independent action in the circuit court operates in the nature of an appeal from the order of the probate court, and transfers the contest from the probate to the circuit court. Speaking to that question in Johnson v. Brewn, 277 Mo. 392, 396, 210 S. W. 55, 56, we said:

"It has always been held, in the early and late cases, that when a suit to contest a will is filed in the circuit court under Section 555, Revised Statutes 1909, the suit operates in the nature of an appeal from the order of the probate court probating the will. 'The Legislature may undoubtedly provide other modes besides the ordinary form of appeal, by which the controlling power of the circuit court may be exercised.' [Dickey v. Malachi. 6 Mo. l. c. 182.] 'There was no appeal in form, but the result of the process was the transference of the contest from an inferior to a superior court.' [Benoist v. Murrin, 48 Mo. l. c. 52.] 'Such contest destroys the present efficacy

of the mere formal probate in the probate court.' [State ex rel. v. Imel, 243 Mo. l. c. 186.]''

■ Appellant contends that the order setting aside her appointment as executrix of the will comes within the ninth specification of Section 284, Revised Statutes 1929, which authorizes an appeal from an order removing an administratrix. Evidently the Legislature intended by this provision of the statute to authorize an appeal from an order removing an administrator for cause. No charges were filed against appellant. Her appointment was not set aside because of any misconduct or neglect of duty on her part. The legal effect of the order rejecting the will was to set aside her appointment as executrix thereof, independent of the order made to that effect. Since her appointment as executrix of the will was set aside because of the rejection of the will, such appointment could not be reinstated except by approval of the will, which must be obtained, if at all, by an independent action in the circuit court pursuant to the provisions of Section 537, supra. It follows, therefore, that the order setting aside appellant's appointment as executrix, because of the rejection of the will, was not an appealable order.

After the orders admitting the will to probate and appointing appellant executrix thereof were set aside, the will was rejected and Fred W. Klaber, public administrator was appointed administrator of said estate. No appeal lies from an order appointing an administrator. [Grover v. Fowler, 108 Mo. 465, 470, 18 S. W. 968.]

The orders of the probate court from which appellant attempted to appeal, not being appealable orders, neither the circuit nor this court acquired jurisdiction of the cause. If such orders were appealable, we would still be without jurisdiction because the appeal was not taken with the time provided by statute.

■ Appeals are purely statutory and must be taken within the time and in the manner provided by statute. The statute pertinent to this appeal, Section 286, Revised Statutes 1929, provides that appeals from the probate court shall be taken during the term at which the decision complained of is made or within ten days thereafter. The decision complained of in the instant case was made at the February Term, 1930. The record shows that the February, 1930, term adjourned finally on May 8, 1930. The appeal was not taken until May 24, 1930, or sixteen days after final adjournment of the February, 1930, term, at which the decision complained of was made. This was not a compliance with the statute requiring that appeals shall be taken during the term at which the decision is made or within ten days thereafter.

Appellant contends that the motion filed at the February Term, 1930, asking that the decisions complained of be set aside, carried

the case over to the May Term, 1930, and as the motion was overruled at the May, 1930, term, the appeal taken during that term was a compliance with the statute.

Appeals from the probate court are purely statutory, and as the statute does not provide for a motion to set aside the judgment of the probate court, or a motion for new trial, as a prerequisite to an appeal, such motions perform no legal function whatsoever, and for that reason do not carry a case over from the judgment term to the next succeeding term. We so held in the recent case of State ex rel. May Department Stores v. Haid, 327 Mo. 567, 38 S. W. (2d) 44, 57, where that question is fully discussed and determined. We adhere to the ruling in that case and refer the reader thereto without again discussing the question.

The circuit court did not acquire jurisdiction of the cause, and for that reason it should have dismissed the appeal instead of affirming the judgment of the probate court. The judgment is reversed and cause remanded to the circuit court with directions to dismiss the appeal. All concur.