In the Matter of the ESTATE of Hazel POLITTE, Deceased.

Joseph A. POLITTE, Appellant,

v.

ESTATE OF Hazel POLITTE, Deceased, Respondent.

No. 33714.

St. Louis Court of Appeals, Missouri.

Nov. 24, 1970.

Meyer, Traeger & Fletcher, Clayton, for appellant.

Rosenberg, Weiss, Goffstein & Krause, Rodney Weiss, St. Louis, for respondent.

DOERNER, Commissioner.

This case originated in the Probate Court of the City of St. Louis when appellant filed therein an application (1) to admit to probate a paper writing purporting to be the last will and testament of the decedent; (2) for an order revoking letters of administration previously issued in the decedent's estate; and (3) for an order appointing appellant executor de bonis non under the purported will. The Probate Court dismissed the application, that order and judgment was affirmed by the Circuit Court on appeal, and appellant appealed to this court.

The facts are not in dispute, and the case was submitted on an agreed statement of facts. The essential facts are that the Probate Court granted letters of administration on the decedent's estate and the first publication of notice of letters occurred on November 8, 1966. Almost six months after the first publication of notice appellant filed the purported will in the Probate Court. No further action was taken regarding the purported will until about a week before the expiration of nine months from the first publication, when the subscribing witnesses appeared before a deputy clerk and executed the affidavits required by Section 473.053, RSMo 1959, V.A.M.S. The matter thereafter remained dormant until approximately a year and seventeen days after the first publication of notice of letters, when appellant filed the tri-partite application heretofore described.

At the time appellant filed his application Section 473.050 [1] provided:

"No proof shall be taken of any will nor any certificate of probate thereof issued, unless the will has been presented to the judge or clerk of the probate court, within nine months from the date of the first publication of the notice of granting letters testamentary or of administration by any probate court in the state of Missouri, on the estate of the testator named in the will so presented."

Appellant asserts that the court erred in dismissing his application and in refusing to admit the purported will to probate. Respondent takes a contrary position, but as its initial point contends that we are without jurisdiction to entertain this appeal for the reason that no appeal lies from an order rejecting a will from probate.

There can be no doubt that an appeal does not lie from an order rejecting a will from probate. In fact, the statute governing appeals in probate matters, Section 472.160, expressly forbids appeals in such cases, as this court noted in State ex rel. Shriners' Hospitals for Crippled Children v. Hensley, Mo.App., 385 S.W.2d 820, 821. But was the Probate Court's order dismissing appellant's application a rejection of the will? We think not. Of course, for all practical purposes it had

1. In 1969 Section 473.050 was amended to reduce the period of time to six months.

that effect, but Section 473.047 provides that when a will is exhibited to be proven the judge shall immediately receive the proof "and grant a certificate of probate, or, if the will is rejected, grant a certificate of rejection." In addition to forbidding appeals when a will is rejected from probate, Section 472.160 also forbids appeals from orders admitting wills to probate. The reason appeals are denied in both cases is to be found in Section 473.083 which provides that within nine months after the date of the probate or rejection of a will any interested party may file a petition in the circuit court either contesting the validity of a probated will or praying " * * * to have a will proved which has been rejected" and thereupon " * * * an issue shall be made up whether the writing produced is the will of the testator or not * * *." It has been repeatedly held that the probate courts have exclusive jurisdiction over the probate or rejection of wills, and the circuit courts have only derivative jurisdiction. Davis v. Davis, Mo., 252 S.W.2d 521; Harrell v. Harrell, 284 Mo. 218, 223 S.W. 919. The conclusion to be drawn from these statutes, particularly that part of Section 473.083 regarding the issue to be determined, is that as used therein the rejection must be based on the invalidity of the purported will, such as lack of proper execution or attestation, lack of mental capacity, or a similar ground.

In the instant case the Probate Court did not reach a consideration of the validity of the will, nor did it reach the point of issuing the certificate of probate or rejection provided for in Section 473.047. The court's order reads " * * * the court orders that said petition to admit said will to probate and grant letters be and the same is hereby dismissed." The court's order dismissing appellant's application was correct. This for the reason that the Probate Court had no jurisdiction to make any other order inasmuch as the nine months period of limitations specified in Section 473.-050 had expired. In State ex rel. Bier v. Bigger, 352 Mo. 502, 178 S.W.2d 347, the Supreme Court held that the statute which preceded Section 473.050 (in which the period specified was one year) was a special statute of limitations, that the running thereof was not tolled even for fraud or concealment of the will, and that after the lapse of one year from the publication of notice of letters the Probate Court lost jurisdiction to either admit or reject a will from probate. That holding was affirmed in State ex rel. Plymesser v. Cleaveland, Mo., 387 S.W.2d 556, 560.

While the subscribing witnesses, in the instant case, had executed the affidavits required by Section 473.053, within nine months from the date of the first publication of notice of letters, appellant's application to admit the purported will to probate and for letters de bonis non was not filed or presented until after the lapse of nine months from that date. Section 473.050 expressly provides that no " * * * certificate of probate" shall be issued after the lapse of nine months from the first publication of such notice. Accordingly, the Probate Court lacked jurisdiction to grant the certificate of probate required by Section 473.047, and that Court properly dismissed appellant's application. State ex rel. Bier v. Bigger, supra; State ex rel. Plymesser v. Cleaveland, supra.

The judgment is affirmed.

PER CURIAM.

The foregoing opinion by DOERNER, C., is adopted as the opinion of this court.

Accordingly, judgment affirmed.

WOLFE, P. J., and BRADY and DOWD, JJ., concur.