In the Matter of the ESTATE OF Rex L. BRIDGES a/k/a Rex Lonzo Bridges; Deceased.

Arlena M. RIOS, Appellant,

v.

Rex L. BRIDGES III, Respondent.

No. 49824.

Missouri Court of Appeals, Eastern District, Division Three.

March 25, 1986.

Motion for Rehearing and/or Transfer Denied April 22, 1986.

Application to Transfer Denied June 17, 1986.

Donald S. Singer, Edward L. Thomeczek, Clayton, for appellant.

John J. Donnelly, St. Louis, William H. Jennings, Clayton, for respondent.

KAROHL, Presiding Judge.

Arlena M. Rios, proponent of the Last Will and Testament of Rex L. Bridges, attempts an appeal from the following order of the probate court which has the effect of denying consideration of the merits of proponent's petition to probate the will:

### Order Denying Petition To Probate Will

The court considers the petition of Arlena Mae Rios to probate a document dated sometime in 1981 filed in court on May 26, 1982, purporting to be the last will and testament of the decedent, and being fully advised in the premises HEREBY DENIES said petition for the reason that the document purporting to be the will was not presented to the court as a will to be proved by the testimony of the attesting witnesses or substituted proof thereof within six months of date of first publication of notice of letters on June 10, 1982, said document previously having been presented as a self-proved will under § 474.337 of the probate code and having been rejected for probate on February 16, 1984, by order of the judge in Division 12 of this circuit in a proceeding in file No. 478377.

We find the appeal is not authorized by statute nor made from a final judgment, and, therefore, the appeal is dismissed for want of jurisdiction.

For purposes of this appeal the facts regarding the will are not in dispute. On July 7, 1981, Rex Lonzo Bridges, Testator, signed a document entitled Last Will And Testament. The will mentions that the testator is unmarried and has two children, Roxanne and Rex Bridges, III. After payment of all debts, all the rest, residue and remainder of the testator's property is devised and bequeathed to a sister-in-law, Arlena Mae Rios, providing she survives, and if not, to the two children in equal parts. Two witnesses subscribed their names to the will in decedent's presence at the time of execution. The signature of the testator and the witnesses appears to have been notarized in order to qualify the will as a self-proving will under § 474.337.1 RSMo Cum.Supp.1984 (effective June 10, 1981). However, the two subscribing witnesses failed to sign in the presence of the notary public.

Rex L. Bridges died on April 20, 1982. On June 7, 1982, Arlena Mae Rios filed a petition for probate of will and letters testamentary with the will attached, and requested, after the will has been duly proven, that the will be admitted to probate, and that she be appointed as personal representative without supervision, and without bond. The petition makes no mention of the manner of proof of the will. On June 7, 1982, the court issued a certificate of probate of last will and testament based upon a finding that the will appeared to have the required signatures and attached certificate as provided by § 474.337. Beginning on June 10, 1982, the probate of the will was advertised to comply with § 473.033 RSMo Cum.Supp.1982 (effective January 1, 1981). The notice provided that on June 7, 1982, the last will and testament of Rex Lonzo Bridges was admitted to probate, and Arlena Mae Rios appointed the

personal representative together with other details required by § 473.033.

On August 27, 1982, and within six months after the first publication of notice of letters, Rex L. Bridges, III., and Roxanne Ellman, filed a petition to contest the will of decedent. § 473.083 RSMo Cum. Supp.1984. The petition alleged defects in the execution of the will in addition to grounds on which the circuit court could find that the testator was incompetent, lacked testamentary capacity, lacked sound and disposing mind and memory, and was unduly influenced. One ground for the will contest was that "said purported last will and testament was not properly notarized." On February 16, 1984, the circuit court sustained plaintiff childrens' motion for summary judgment by an order and judgment in relevant part as follows:

> Plaintiff's motion for Summary Judgment is sustained, and the admission To Probate of the Will of Rex Lonzo Bridges, dated July 7, 1981, in circuit court of St. Louis County, Probate Division, file number 73408, is hereby revoked. This order of the court is based on a finding that the above-described Will of Rex Lonzo Bridges was not executed, witnessed and acknowledged in accordance with the provisions of § 474.337 of V.A.M.S., and therefore not entitled to admission to probate under the provisions of V.A.M.S. 473.065. *This order of the court is without prejudice to defendant [Arlena Mae Rios] seeking Admission to Probate of the above-described Will, other than pursuant to the terms of § 474.337, V.A.M.S.* (our emphasis)

During the pendency of the will contest suit in the circuit court several relevant events occurred. On December 19, 1983, the probate court suspended and revoked letters testamentary issued to Arlena Mae Rios, and appointed a public administrator of St. Louis County as administrator pendente lite.

After the will contest was resolved on February 16, 1984, Rex L. Bridges, III., with the consent of his sister, filed a motion that the probate court set aside the purported will of decedent, the appointment of the public administrator, and grant letters to Rex L. Bridges, III. to probate the estate of his father intestate. On April 20, 1984, the probate court entered the following order:

> Pursuant to the judgment of the circuit court of St. Louis County in Cause No. 478377, a certified copy of which has been previously filed and recorded with this court, said judgment finding and ordering that an instrument dated July 7, 1981, is not the last will and testament of the above decedent and that the decedent died intestate, the court SETS ASIDE its order of June 7, 1982, admitting an instrument dated July 7, 1981, to probate, REVOKES the letters of administration pendente lite heretofore issued to Patrick M. Fiandaca, III., Public Administrator, on January 24, 1984, REMOVES him as administrator pendente lite and ORDERS him to file a settlement to date of revocation by April 30, 1984.

> The court further AUTHORIZES Rex L. Bridges, III., to be appointed personal representative de bonis non pursuant to application filed herein and upon filing bond in the sum of $1,000.

After the appointment of Rex L. Bridges, III., as administrator de bonis non, appellant Rios attempted to locate the witnesses to the will. In July 1984, she discovered that James A. Casper, one of the witnesses, died on February 22, 1983. In January 1985, she discovered that the second witness may also be deceased. With this information in hand, appellant attempted to prove the will on the basis of testimony of living witnesses familiar with the signatures of the deceased witnesses to the will. The probate judge suggested to counsel for appellant that it was too late to establish the will by substituted proof rather than as a self-proved will because of the provisions of § 473.050 RSMo 1978. That section provides that no proof shall be taken of any will unless the will has been presented to the probate division of the circuit court within six months from the date of first

publication of the notice granting letters testamentary or of administration by the probate division, or within thirty days from the commencement of a will contest, whichever is later, on the estate of the testator named in the will so presented. The probate judge further expressed his belief that the will and petition for probate of will and for letters testamentary was limited to a presentation upon proof by a certificate of self-proving will and in no other manner. The probate judge concluded that "there has been no presentation of the will for admission to probate on proof other than by certificate of self-proving will within six months from the date of first publication of notice granting letters." The probate judge invited, and appellant filed on February 8, 1985, a motion to establish the will which alleged that the witnesses to the will could not be found, that the legitimacy of the will could be established by alternative proof, and, if proven, that appellant be appointed personal representative to probate the will.

On February 8, 1985, the probate court entered the order from which appellant attempts to appeal.

■ The probate code authorizes an interested person aggrieved by an order of the probate court to appeal to the appropriate appellate court from certain orders, judgments or decrees of the probate division of the circuit court. § 472.160 RSMo Cum.Supp.1984 (effective January 1, 1981). This section does not authorize an appeal from the acceptance or rejection of a will. Such orders are subject to relief only upon the filing of a petition with the clerk of the circuit court within six months of the date of probate or rejection thereof by the probate division of the circuit court. § 473.-083 RSMo Cum.Supp.1984 (effective January 1, 1981). We find that the order from which appellant attempts to appeal is not within any category mentioned in § 472.160 RSMo Cum.Supp.1984 (effective January 1, 1981), nor is it an order accepting or rejecting the will. § 472.160(14). As a result, we find that the order is not a final judg-

ment, and that the appeal must be dismissed.

■ The right to appeal and whether an appellant is a party aggrieved within the meaning of §§ 472.160 RSMo Cum.Supp. 1984 and 512.020 RSMo 1978, are jurisdictional questions which may be raised at any time, and by the court itself. *In re Estate of Fusz*, 397 S.W.2d 595, 595 (Mo.1966). We observe, however, that the order of the probate court from which appellant has attempted to appeal is not final. It obviously is not the acceptance of a probate of the will, nor was it a rejection of the will based upon a judgment that the will was not the last will and testament of Rex Lonzo Bridges. Nor was the effort of appellant barred by the lapse of six months after the first publication of notice granting letters on the estate of the decedent other than the original publication by which appellant attempted to probate the will. Section 473.083 RSMo Cum.Supp.1984 directs on the later of these dates no proceeding may be had before the circuit court. The time limit of § 473.083 begins to run after acceptance or rejection of a will, and that has never occurred. The question remains whether the probate court was correct in refusing to consider the substituted proof of the will authorized by § 473.053 RSMo 1978.

■ The answer to the remaining question may be found in § 473.050 RSMo 1978. That section prohibits proof of any will unless the will has been presented to the probate division within six months from the date of first publication of the notice granting letters testamentary, or within thirty days after commencement of a will contest. In the present case, the will of Rex Lonzo Bridges and a petition for probate of that will was on file before the original publication. Presentment occurs upon the filing of a will together with a proper petition by a person entitled to take such action. *Gillman v. Mercantile Trust Company, National Assn.*, 629 S.W.2d 441, 445 (Mo.App.1981), *citing, State ex rel. Shriners' Hospitals for Crippled Children v. Hensley*, 385 S.W.2d 820, 826 (Mo.

App.1964). Obviously, if it had not been presented as that term is known, it could not have been admitted to probate. It was admitted on June 7, 1982. Nothing in § 473.050 prohibits proof of the presented will at any time. That section merely prevents an attack against the will (or an advertised intestate administration) within the prescribed time limit. The provisions of this section do not apply to the will presented before the advertisement. It merely sets a limit on any attack on the will.

■ Appellant's motion to establish the will was related to the will and petition for probate of will and letters testamentary previously presented. Appellant relied on the prior presentment, and not upon a new or different presentment. Accordingly, the provisions of § 473.050 are inapplicable, and the order of the probate court denying consideration of the merits of the petition to probate will on the ground that the will had not been presented is in error both as a matter of fact and as a matter of law. The will was presented, and has never been rejected as not being the last will and testament of Rex Lonzo Bridges, "By order of the judge in Division 12 of this circuit in a proceeding in file Number 478377." The express finding and judgment of the circuit court made no determination of the validity of the will. On the contrary, it decided only that the will was not self-proving and expressly preserved for the proponents an opportunity to prove the will through the witnesses. Presentment was complete when the will was filed together with the petition for probate of will and for letters testamentary. The provisions of self-proof subsequently rejected by the circuit court are not a prerequisite for presentment. The petition for probate of will and for letters testamentary makes no reference to the manner of proof, and was not limited to the self-proving provisions of § 474.337 RSMo Cum.Supp.1984. Nor was there an advertisement under § 473.033 RSMo 1978 for an intestate administration of the estate of Rex Lonzo Bridges for the purpose of preventing the will, as presented, from being proven under the provisions of § 473.050 RSMo 1978.

■ Accordingly, we dismiss the appeal for want of jurisdiction, and remand to the probate court for further proceedings. This will give the probate court an opportunity to determine whether the will, as presented, is the last will and testament of Rex Lonzo Bridges so that it may be accepted or rejected. Rejection must be based on the invalidity of the purported will, such as lack of proper execution or attestation, lack of mental capacity or similar grounds. *In re Estate of Politte*, 460 S.W.2d 733, 735 (Mo.App.1970). Recourse from acceptance or rejection lies in § 473.-083 RSMo Cum.Supp.1984. "Rejection is a judgment that the document is not the last will of the decedent." Stroh, Pre-Litigation and Pre-Trial: Getting Into Court and Staying There, 30 St.L.Bar J. 26, 28 (Winter 1984). Because the will was timely presented, *Gillman v. Mercantile Trust Company, National Assn.*, 629 S.W.2d 441, 445 (Mo.App.1981), *citing, State ex rel. Shriners' Hospitals for Crippled Children v. Hensley*, 385 S.W.2d 820, 829 (Mo. App.1964), the proponents *and the decedent* are entitled to a judgment on the validity of the will. The court erred as a matter of fact in misinterpreting the limited judgment of the circuit court, and as a matter of law in determining that an offer to prove the will by substituted proof was untimely. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

The appeal is dismissed.

SIMON and GARY M. GAERTNER, JJ., concur.