Glen KINDER, et al.,
Petitioners–Appellants,

v.

William BRUNE, et al.,
Respondents–Respondents.

No. 54082.

Missouri Court of Appeals,
Eastern District,
Division Five.

Aug. 16, 1988.

Albert C. Lowes, Cape Girardeau, for petitioners-appellants.

David Scott Limbaugh, John L. Oliver, Jr., Cape Girardeau, for respondents-respondents.

SIMEONE, Senior Judge.

## I.

This is an attempted appeal by appellants, Glen Kinder, et al., from a certificate and order, dated November 17, 1987 of the probate division of the circuit court of Cape Girardeau County, rejecting from probate an instrument in writing purporting to be the last will and testament of Clarence L. Brune and denying appellants' petition to reopen probate. After the notice of appeal was filed, a joint motion to dismiss for want of an appealable order was filed by the respondents and this motion was taken with the case. The motion also contends that the appeal is frivolous. Respondents requested monetary damages. We now grant respondents' motion to dismiss the appeal but deny that part of the motion for damages for a frivolous appeal.

## II.

On August 19, 1987, the testator, Clarence L. Brune, an elderly gentleman, died. On October 14, 1987, William Brune, a nephew of the deceased, made application for letters of administration and on October 15, made an application for "probate of [a] will," dated July 12, 1972. On October 22, 1987, the will dated July 12, 1972 was admitted to probate by order and certificate as the last will and testament of the deceased. Letters were issued. Five days later, on October 27, 1987, Glen Kinder, and others, heirs of the deceased's wife, Ruby Brune, applied for probate of a second will dated October 20, 1983. Appellants, Kinder, et al., then petitioned to reopen probate under § 473.077, R.S.Mo., 1986, requesting the court to revoke its prior order admitting to probate the first will and to enter an order admitting the latter will. Appellants alleged in the petition to reopen probate that the later will "clearly and expressly revokes all prior wills."

On November 17, 1987, a hearing was held before the probate division to take up (1) appellants' petition to reopen probate, (2) appellants' application to probate the will dated October 20, 1983 and (3) the appointment of a personal representative for the deceased. Upon the termination of the hearing, the court issued its "Certificate and Order" and ruled that the first will, dated July 12, 1972, "will stand, at

least as far as the probate division is concerned," and that probate would not be reopened. The court stated that "this [court] is not the proper place" to determine the issue. "That matter will be addressed in a will contest case I think, whatever way I decide." The court appointed William Brune as the personal representative of the deceased. Following the hearing, the court entered its formal "certificate and order rejecting" the second will dated October 23, 1983, because the first will had already been admitted, and denying appellants' petition to reopen probate.

The order stated that "The Court finds that the instrument in writing dated October 20, 1983, should be rejected as the Last Will and Testament dated July 12, 1972 has previously been admitted as the Last Will and Testament of Clarence L. Brune, Deceased." The court, therefore, ordered that the instrument dated October 20, 1983 be rejected from probate and denied the appellants' petition to reopen probate.

In due time appellants appealed, contending the probate division erred in rejecting the second will because (1) the subscription by the witnesses raised the presumption that the will was valid; (2) a later will revokes a prior one; (3) the later will was self-proving under § 474.337, R.S.Mo.; and (4) the later will expressly revoked all prior wills. In addition to this appeal, and in order to preserve their rights, appellants filed a will contest, pursuant to § 473.083, R.S.Mo., in the circuit court of Cape Girardeau County.

After the notice of appeal was filed, the respondents filed their joint motion to dismiss the appeal and a motion for damages for a frivolous appeal.

### III.

The right to appeal is governed by § 472.160, authorizing appeals from the probate division. These matters—whether an appellant is an aggrieved party and what orders are appealable—are jurisdictional questions which may be raised at any time, and by the court itself. *Matter of Estate of Bridges*, 710 S.W.2d 327, 330

(Mo.App.1986). Accordingly, we address the jurisdictional issue.

The pertinent statutory provision regarding the issues in this case is § 472.160, R.S.Mo., 1986 which reads as follows:

1. Any interested person aggrieved thereby may appeal to the appropriate appellate court from the order, judgment or decree of the probate division of the circuit court in any of the following cases:

\* \* \* \* \* \*

(14) In all other cases where there is a final order or judgment of the probate division of the circuit court under this code except orders admitting to or rejecting wills from probate.

This statutory provision was first expressly embodied in the probate code revision of 1957 [S.B. 1, L. 1957, 829, 835 § (15)]. But before and after this statutory provision, it has been consistently held by the courts of this state that an order rejecting a will from probate is not appealable. *Lucitt v. Toohey's Estate*, 338 Mo. 343, 89 S.W.2d 662, 664 (1936); *State ex rel. Shriners' Hospital for Crippled Children v. Hensley*, 385 S.W.2d 820, 823 (Mo. App.1964); *In Re Estate of Politte*, 460 S.W.2d 733, 735 (Mo.App.1970); *Matter of Estate of Bridges, supra*, 710 S.W.2d 327. We stated in *Bridges, supra* that:

This section [§ 472.160] does not authorize an appeal from the acceptance or rejection of a will. Such orders are subject to relief only upon the filing of a petition with the clerk of the circuit court within six months of the date of probate or rejection thereof by the probate division of the circuit court.

*Bridges, supra*, 710 S.W.2d at 330.

Under the probate code revision of 1957 and the Court Reform Act of 1978 (H.B. 1634, L. 1978, 696) the procedure was streamlined. The Court Reform Act authorized direct appeals from the probate division to the appellate court in many instances thus eliminating the necessity of a trial *de novo* in the circuit court. *See* 4 F. Hanna & J. Borron, Jr., *Mo. Prac.*, § 472.160 (2nd ed. 1988). Such statutory provision is essential to the orderly admin-

istration of an estate. *See 5 Mo. Prac., supra,* § 556.

Appellants contend, however, that if the probate division does not reach a conclusion as to the validity of the rejected will, an appeal is authorized. Appellants rely principally upon the following language in *Politte:*

> The conclusion to be drawn from these statutes, particularly that part of Section 473.083 regarding the issue to be determined, is that as used therein the rejection must be based on the invalidity of the purported will, such as lack of proper execution or attestation, lack of mental capacity, or a similar ground.

*Politte, supra,* 460 S.W.2d at 735.

Appellants contend that because the probate court rejected the later will because a previous will had already been admitted, the order rejecting the will was not based on its invalidity and is therefore appealable.

*Politte* dealt with the filing of a will after the time authorized by statute had expired. The appeal in *Politte* was from the circuit court which had affirmed the order and judgment of the probate court which dismissed an application to admit a will to probate. This court stated expressly that "there can be no doubt that an appeal does not lie from an order rejecting a will from probate." *Politte, supra,* 460 S.W.2d at 734.

■ We believe that this language in *Politte* was only descriptive of various circumstances when an order rejecting a will was not appealable. Whether a rejection is based on the invalidity of a will because of improper execution, lack of attestation, lack of mental capacity, or because a subsequent will is rejected because a previous purported valid will has been admitted to probate, the rejection is not an appealable order. The issue of the validity of a later will is properly determined, as the probate judge noted, under the provisions of § 473.083, R.S.Mo.

The principles regarding appeals from an order rejecting a will have long been recognized. Speaking to the question in *Johnson v. Brewn,* 277 Mo. 392, 396, 210 S.W. 55, 56 (1919), the Supreme Court said "[i]t has always been held, in the early and late cases, that when a suit to contest a will is filed in the court ... the suit operates in the nature of an appeal ..." *Lucitt v. Toohey's Estate, supra,* 89 S.W.2d at 664. *See Callahan v. Huhlman,* 339 Mo. 634, 98 S.W.2d 704, 706 (1936); *Breeding v. Pack,* 164 S.W.2d 929, 930 (Mo.1942); and *Yates v. Jeans,* 345 S.W.2d 657 (Mo.App.1961).

The sole purpose of the will contest statute is to determine whether the purported will in question is the last will and testament of the testator, or to determine whether the decedent died intestate because there was no valid will. Mo.Bar C.L.E., *Mo. Estate Administration,* § 10.1, (3rd ed. 1984). The opponent may choose to challenge the validity of the purported will and also attempt to establish another will in its place.

The proper forum to contest a previously admitted will and to have admitted a previously rejected will is therefore a will contest under § 473.083. This procedure has remained constant throughout the various revisions of the probate code, and was the method of review for orders rejecting wills from probate prior to the passage of § 472.160, subd. 1 subsection (14). *See Toohey's Estate, supra,* 89 S.W.2d 662 and cases cited therein.

■ We therefore hold that an order of the probate division rejecting a purported, valid, subsequent will for the reason that an earlier will has already been admitted to probate is within the limitations of § 472.160 subd. 1 subsection (14) and is not an appealable order. We therefore grant the respondents' motion to dismiss the appeal, and hold that no appeal lies from the order rejecting the will. *Matter of Estate of Comia,* 657 S.W.2d 63, 64 (Mo.App. 1983).

Appellants have also raised the issue of whether § 473.077, governing the proceedings to reopen probate is mandatory or discretionary. In view of our disposition of this attempted appeal, it is unnecessary to examine that issue.

Respondents' motion to dismiss appeal is granted and their motion for monetary damages for a frivolous appeal is denied.

PUDLOWSKI, C.J., and CARL R. GAERTNER, J., concur.